IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DYC ELECTRIC SRVC, LLC, | ) CIVIL NO. 20-00226 DKW-WRP |
| Plaintiff, | ) |
| | ) FINDINGS AND |
| vs. | ) RECOMMENDATION TO GRANT |
| | ) JOINT MOTION TO CONFIRM |
| MILCON CONSTRUCTION, LLC, ET AL., | ) ARBITRATION AWARD |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT JOINT MOTION TO
<u>CONFIRM ARBITRATION AWARD</u>

On November 30, 2021, Plaintiff DYC Electric SRVC, LLC filed a Joint Motion to Confirm Arbitration Award (Motion). <u>See</u> ECF No. 39. The Motion indicates all parties join in the request. <u>See id.</u> The Court finds this Motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c). After consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that the District Court GRANT the Motion.

The parties are familiar with the background in this action and so the Court does not repeat it here, except as necessary to address the Motion. Plaintiff filed this action against Defendant Milcon Construction, LLC (Milcon) and its surety, Defendant The Hanover Insurance Company (Hanover), for claims related

to work Plaintiff completed as a subcontractor for Milcon in connection with a contract Milcon was awarded with the United States of America, Department of the Army. See ECF No. 1. Defendants filed their Answer and Milcon brought certain counterclaims against Plaintiff. See ECF No. 9. Plaintiff filed a motion to compel arbitration pursuant to the Federal Arbitration Act (FAA) and stay all proceedings pending arbitration. See ECF No. 26. The parties eventually stipulated to stay all proceedings pending arbitration. See ECF No. 31. The parties now move jointly to confirm the arbitrator's November 8, 2021 Final Award[1] in favor of Plaintiff and against Defendant Milcon in the amount of $468,465. See ECF No. 39

      The FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

---

[1] In support of the Motion, the parties attach both the Final Award, which they contend was dated November 8, 2021, as well as an "Arbitration Order on Motion to Clarify" dated November 15, 2021. See ECF Nos. 39, 39-1. In light of the parties' joint Motion and the Final Award, the Court LIFTS the stay and DIRECTS the Clerk to reopen this case.

The Court first finds that this is a proper venue to seek confirmation of the arbitrator's Final Award.  See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 529 U.S. 193, 201-02 (2000); see also ECF No. 26-3 at 7; ECF No. 26-4 at 7; Subway Int'l B.V. v. Bletas, 2011 WL 3511467, at *4 (D. Conn. Aug. 11, 2011).  Next, no party has requested vacatur, modification, or correction of the arbitrator's Final Award in this case under either Section 10 or Section 11.  As such, the Court FINDS and RECOMMENDS that the Motion be GRANTED and that the arbitrator's Final Award, as clarified, be confirmed against Defendant Milcon and in favor of Plaintiff in the amount of $468,465.

In doing so, the Court notes that the parties explicitly seek confirmation of the Final Award only as to Defendant Milcon.  See ECF No. 39 at 2; see also ECF No. 39-1 at 4 (Final Award indicating Hanover was initially identified as a party to the arbitration, but did not sign the agreement to arbitrate or appear "so the findings and rulings herein directly relate to factual and legal determinations as to [Plaintiff] and Milcon").  The Court further notes that no party is requesting entry of judgment, including under Federal Rule of Civil Procedure 54(b).  The Court therefore does not recommend entry of judgment in any form at this time.  See John A. Weber Co. v. Milcon Constr., 523 F. Supp. 3d 1203, 1213 n.2 (D. Haw. 2021) ("Often, parties seek entry of judgment when an arbitration

3

award is confirmed pursuant to the FAA, and courts routinely grant such requests. Plaintiff, however, did not request that the Court direct entry of final judgment. [T]he Court will not provide Plaintiff with relief it did not request.") (citations omitted).

## CONCLUSION

The Court FINDS AND RECOMMENDS that the District Court GRANT the Motion and CONFIRM the Arbitrator's November 8, 2021 Final Award, as clarified on November 15, 2021, in favor of Plaintiff and against Defendant Milcon only in the amount of $468,465.

The Court further RECOMMENDS that the District Court INSTRUCT the parties to file a joint report regarding the status of any remaining claims in this action within 10 days of any District Court Order adopting this Court's Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 2, 2021.



Wes Reber Porter
United States Magistrate Judge

**<u>DYC ELECTRIC SRVC, LLC v. MILCON CONSTRUCTION, LLC, ET AL.</u>;
CIVIL NO. 20-00226 DKW-WRP; FINDINGS AND RECOMMENDATION TO
GRANT JOINT MOTION TO CONFIRM ARBITRATION AWARD**